```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


DAN MURPHY and                       :
WENDY LINNINGTON,                    :
                                     :
         Plaintiffs,                 :
                                     :
              v.                     :   File No. 1:09-cv-229-jgm
                                     :
ACCEPTANCE INDEMNITY                 :
INSURANCE COMPANY,                   :
                                     :
         Defendant.                  :
_____:
```

                          OPINION AND ORDER
                           (Docs. 19 and 23)

    Plaintiffs Dan Murphy ("Murphy") and Wendy Linnington ("Linnington"), who sue Acceptance Indemnity Insurance Company ("Acceptance") as assignees of the rights of the insured, Rusty Nail Acquisition, Inc. ("Rusty Nail"), now move for partial summary judgment on grounds Acceptance breached its duty to defend Rusty Nail in an underlying personal injury suit.  (Doc. 19.)  In the underlying action, Plaintiffs alleged Murphy sustained serious injuries when bouncers evicted him from the Rusty Nail Bar & Grille.  Defendant cross-moves for summary judgment on grounds it has no duty to indemnify Rusty Nail because two policy exclusions bar liability coverage.  (Doc. 23.)

    For reasons outlined below, Plaintiffs' Motion is denied because the allegations in the underlying suit described intentional acts or torts barring coverage and do not state any other claim triggering Acceptance's duty to defend, and Defendant's

Motion is granted because Acceptance has no duty to indemnify Rusty Nail.

I.  Background

On September 16, 2008, Murphy and Linnington filed suit in United States District Court in Vermont against Rusty Nail Acquisition, Inc., a Vermont corporation which owns and operates the Rusty Nail Bar & Grille in Stowe, Vermont, seeking damages for personal injuries and loss of consortium.  The complaint in that action ("underlying complaint") alleged as follows:

> 6.  On September 15, 2007, Dan Murphy was visiting Vermont.  That evening he, his wife Wendy Linnington and a friend visited the Rusty Nail.
>
> 7.  As Dan Murphy was sitting with his companions, employees of the Rusty Nail, approached and confronted Mr. Murphy.  Without basis or provocation these employees forcefully escorted Mr. Murphy from the restaurant, and threw or pushed Mr. Murphy down a flight of stairs.
>
> 8.  As the direct and proximate result of being thrown or pushed down the stairs, Mr. Murphy suffered serious injuries which have required several surgeries.
>
> 9.  Employees of the Rusty Nail were negligent in escorting Mr. Murphy from the Rusty Nail in a forceful manner and causing him to be thrown or pushed outside the restaurant resulting his falling [sic] from a flight of stairs.  The Rusty Nail is responsible in respondent [sic] superior for the actions of its employees in causing Mr. Murphy to fall down a flight of stairs.
>
> 10.  Additionally, as an alternative basis for the claim of negligence, the Rusty Nail was negligent in its hiring, retaining and training of employees who would throw or push a customer causing him to fall down a flight of stairs.
>
> 11.  As a direct and proximate result of the acts of the Rusty Nail and its employees, Mr. Murphy has suffered

>    serious bodily injury, including permanent injuries, mental anguish, and loss of enjoyment of life.
>
>    12.  As a direct and proximate result of the injuries Plaintiff suffered, he has incurred significant medical bills, and has lost significant income.
>
>    13.  As a direct and proximate result of the acts of the Rusty Nail and its employees, Ms. Linnington has suffered a loss of consortium.

(Doc. 19-2, Underlying complaint in 2:08-cv-191-jmc, attached to Plaintiff's Motion for Partial Summary Judgment.)

These events occurred during a period covered by the "Commercial Lines Policy" issued by Acceptance to Rusty Nail.  The policy indemnifies Rusty Nail for damages for covered bodily injury or property damage and provides that Acceptance has a duty to defend the insured in any suit seeking those damages.  The policy, however, excludes coverage for "'Bodily Injury' . . . expected or intended from the standpoint of the insured," and it excludes coverage and denies a duty to defend for "claims arising out of Assault and/or Battery," and "[c]laims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing."  (Doc. 19-1 at 24, 19.)

Rusty Nail sought coverage for the claims asserted by Murphy and Linnington in the underlying complaint.  Acceptance wrote Rusty Nail in October of 2008, denying a defense based on both the "expected or intended" injury and the Assault/Battery exclusions.  (Doc. 19-3.)  In response to a letter from Rusty Nail disputing the denial based on the Assault/Battery exclusion, Acceptance

reiterated that the exclusion applied.  (Docs. 19-4, 19-7.)
Following Early Neutral Evaluation, Plaintiffs and Rusty Nail
settled the claims and entered a stipulated judgment awarding
Murphy and Linnington $425,000 and assigning to Plaintiffs Rusty
Nail's rights under the policy.  (Doc. 19-5.)

Plaintiffs filed the Complaint in this suit in Vermont
Superior Court in Washington County, alleging Acceptance breached
its duties to defend and indemnify Rusty Nail, and seeking $425,000
plus interest and costs.  (Doc. 5.)  Acceptance removed the action
to this Court.  Plaintiffs' Federal Rule of Civil Procedure
26(a)(1) initial disclosures in this suit against Acceptance
include Plaintiffs' statements that Rusty Nail bouncers grabbed and
lifted Murphy to escort him to the door (Docs. 23-1, 23-2) and
threw him down the stairs (Doc. 23-1).

II.  Discussion

    A.  Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the
discovery and disclosure materials on file, and any affidavits show
that there is no genuine issue as to any material fact and that the
movant is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986).  "[F]acts must be viewed in the light most favorable to the
nonmoving party only if there is a 'genuine' dispute as to those
facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  "[T]he mere
existence of *some* alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"Where both parties have moved for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Murray v. Int'l Bus. Machs. Corps., 557 F. Supp. 2d 444, 448 (D. Vt. 2008) (citing Schwabenbauer v. Bd. of Educ. of Olean, 667 F.2d 305, 314 (2d Cir. 1981)).

    B.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs' Motion for Partial Summary Judgment is denied because the allegations in the underlying complaint demonstrate that the Assault/Battery exclusion in Rusty Nail's policy applies as a matter of law. This is so even though the underlying complaint carefully avoids identifying assault and/or battery as the legal theory for the claims asserted and attempts to cast the factual allegations as a claim for negligence.

Generally, to determine whether an insurer has a duty to defend, a court "must focus on the factual allegations" of the underlying complaint, and "not on the legal theories asserted." TBH v. Meyer, 716 A.2d 31, 34 (Vt. 1998). If negligence "is inconsistent with the facts alleged in the underlying complaint," a complaint will not be deemed to assert a covered negligence claim.

Allstate Ins. Co. v. Vose, 869 A.2d 97, 101 (Vt. 2004).  Here, the underlying complaint alleges that Rusty Nail employees "forcefully escorted Mr. Murphy from the restaurant" and threw or pushed him down the stairs.  (Doc. 19-2 at ¶¶ 7, 8.)  Murphy's forcible expulsion from the Rusty Nail states a claim for assault and/or battery.  Even if this Court were to consider the possibility that the evidence may not have supported the allegation that Mr. Murphy was "thrown or pushed" down the stairs (the underlying complaint does not allege alternative facts) and that employees' failure to ensure that Mr. Murphy could safely descend from the landing following his expulsion could support a claim for negligence, the allegation that Murphy was forcefully escorted out of the Rusty Nail describes an intentional act or tort expressly excluded by the policy.  Thus, any negligence claim based on, or arising out of, the act of expelling Mr. Murphy would not trigger a duty to defend, where the policy expressly excludes claims "arising out of" a claim for assault and/or battery.  Acceptance properly denied Rusty Nail a defense based on this exclusion.

    C.    <u>Defendant's Motion for Summary Judgment</u>

Acceptance's Motion for Summary Judgment on grounds it has no duty to indemnify Rusty Nail as a matter of law is granted.  "[B]ecause the duty to defend is broader than an insurer's duty to indemnify, if a court determines that there is no duty to defend, the insurer will not have a duty to indemnify."  Leo R. Russ & Thomas F. Segalla, 14 Couch on Insurance 3d ed. § 200:3; see also

6

Ogden Corp. v. Travelers Indem. Co., 924 F.2d 39, 42 (2d Cir. 1991) ("Since there is no duty to defend, there also is no corresponding duty to indemnify.")  Furthermore, the undisputed discovery provided by Murphy and Linnington in *this* action supports the underlying complaint's allegations that Rusty Nail bouncers intentionally and forcibly escorted Murphy to the door and threw him down stairs.  Because the policy excludes Plaintiffs' claims against the insured, Acceptance has no duty to indemnify Rusty Nail for the stipulated judgment against it.

III. Conclusion

Plaintiffs' Motion for Partial Summary Judgment on grounds Acceptance had a duty to defend its insured is DENIED. Acceptance's Motion for Summary Judgment on grounds it has no duty to indemnify is GRANTED.  Judgment in favor of Defendant shall be entered and the action dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of March, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
Senior United States District Judge